IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VANESSA M. SIMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONNA O'MALLEY, )<br>)<br>Defendant. ) | Civil Action No. 1:23-cv-335 (RDA/IDD) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Donna O'Malley's Motion to Quash Preliminary Protective Order and Motion to Dismiss ("Motion"). Dkt. 4. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered Defendant's Motions together with her Memorandum in Support (Dkt. 5) and the Notice of Removal (Dkt. 1), this Court GRANTS Defendant's Motion to Dismiss (Dkt. 4) and DENIES Defendant's Motion to Quash as MOOT (Dkt. 4) for the reasons that follow.

I. BACKGROUND

Plaintiff Vanessa Simon, an employee at the National Science Foundation ("NSF"), has filed this action, *pro se*, against Defendant Donna O'Malley, her federal NSF supervisor, seeking an order restraining Defendant from having any contact with Plaintiff whatsoever. Dkt. 5 at 2. Plaintiff and Defendant are both employees at the NSF, which is an independent agency of the United States government. *Id.* at 1. Plaintiff works remotely full time, so the majority of Plaintiff's and Defendant's interactions occur through videoconference. *Id.* at 2. Defendant has frequently scheduled "tag-up" meetings with Plaintiff, which occur via videoconference, so that Plaintiff and Defendant could

communicate about "work-related" topics. *Id.* at 5. On February 6, 2023, Defendant and Plaintiff had a tag-up meeting to discuss Plaintiff's conduct at an earlier NSF meeting that occurred via videoconference. *Id.* at 5. One month later, on March 6, 2023, Plaintiff went to the Alexandria General District Court and filed an application for a protective order against Defendant. *Id.* at 5. In Plaintiff's application for a protective order, Plaintiff alleged that, during the February weekly tag-up meeting, Defendant stated that she would like to kick or throw something at Plaintiff because of a statement that Plaintiff made during a prior NSF meeting. Dkt. 1-1 at 6 ¶ 4. Defendant contends that Plaintiff's allegations are verifiably false and that during the videoconference session at issue, Defendant merely "provided [Plaintiff] with some constructive criticism about her workplace conduct." Dkt. 5 at 5 n.3. Nonetheless, the Alexandria General District Court issued a preliminary protective order on March 6, 2023, and precluded Defendant from having any contact with Plaintiff. Dkt. 5 at 2. A final hearing on the Protective Order was set for March 20, 2023.

On March 13, 2023, Defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1442(a). On March 20, 2023, the Alexandria General District Court convened the scheduled hearing, noting that since the petition was removed to federal court, the court lacked authority to take any further action on the petition and that the preliminary protective order would therefore expire on its own. Dkt. 5 at 8. On March 22, 2023, Defendant filed a Motion to Quash the Preliminary Protective Order and a Motion to Dismiss, Dkt. 4, along with a Roseboro notice, Dkt. 7, informing Plaintiff of the consequences of failing to respond. To date, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is supported. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936));

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### III. ANALYSIS

Defendant is seeking to dismiss Plaintiff's petition for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and to quash the preliminary protective order issued by the Alexandria General District Court. Dkt. 5 at 3,7. Defendant contends that this Court does not have subject matter jurisdiction over the action because the United States has not waived sovereign immunity over suits seeking injunctions against federal officers arising from interactions in the federal workplace. *Id.* at 2. Defendant also moves to quash the preliminary protective order because the Alexandria General

District Court "lacked jurisdiction to restrain [Defendant], a federal officer, from performing her federal duty of supervising [Plaintiff]." *Id.* at 7.  The Court will address each argument in turn.

A. Sovereign Immunity

Defendant first argues that the petition must be dismissed on sovereign immunity grounds. "[O]fficers acting within their authority generally . . . receive sovereign immunity" because an action against a government official for using the authority of a government office is actually a "suit against the official's office." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Without a waiver, "sovereign immunity shields the Federal Government and its agencies from suit." *FDIC*, 510 U.S. at 475.  Here, Plaintiff's allegations regarding misconduct occurred in the workplace, *i.e.*, during the parties' weekly tag-up meeting and within the confines of the supervisor-employee relationship.  Dkt. 1-1 at 6.  Thus, the Court will construe this suit as one against the United States. *Chambers v. Reid*, No. CV TDC-19-0137, 2019 WL 1992348, at *2 (D. Md. May 6, 2019) (construing suit against a federal employee as a suit against the United States where Plaintiff's allegations relied on conduct arising in the workplace and within the supervisor-employee relationship).

Plaintiff's petition can be dismissed unless she can show an express waiver of sovereign immunity. *Chambers,* 2019 WL 1992348, at *2.  "Federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees when such petitions are based on alleged misconduct in the workplace and seek to restrain the conduct of a co-worker at a federal office." *Id.* (collecting cases).  In *Hendy v. Bello*, the Fourth Circuit affirmed the dismissal of a state protective order by a postal worker who sought to enjoin her supervisor from having any form of contact with her based on an altercation that occurred in the workplace.  555 F. App'x 224, 226-27 (4th Cir. 2014).  The Fourth Circuit found that Congress had not waived sovereign immunity under these circumstances because it would be "inconsistent with the principle of federal supremacy

4

to allow such interference with the performance of a federal employee's duties" and, "in prohibiting a federal employee from entering her federal workplace, waiving sovereign immunity would disturb the federal agency's internal functions." *Id.* Further, Plaintiff filed a similar petition for a protective order against one of her previous supervisors at NSF in 2016 that was removed to this Court and dismissed on the same basis. *Simon v. Shaheed*, 1:16cv616, (E.D. Va. August 4, 2016). Accordingly, as Plaintiff's petition seeks to restrain Defendant from having any contact with Plaintiff based on workplace conduct, the petition will be dismissed on sovereign immunity grounds.

### B. Preliminary Protective Order

Finally, Defendant asks this Court to quash the preliminary protective order issued by the Alexandria General District Court because the court lacked jurisdiction to enter an order enjoining a federal official from supervising an employee's federal work. Dkt. 5 at 13. The order expired after the hearing on March 20, 2023 before the Alexandria General District Court, where the court indicated that it no longer had authority to act on the petition due to its removal to federal court. *Id.* at 6. With the order's expiration, any challenge to the order is now moot.[1] *See United States v. Juvenile Male*, 564 U.S. 932, 937-38 (2011) (per curiam) (holding that expiration of state court order rendered federal constitutional challenge to the order moot); *see also Chambers,* 2019 WL 1992348, at *3 (denying motion to vacate protective order as moot where the petition was removed to federal court and the protective order expired on its own terms). Therefore, the Court will deny the motion to quash as moot.

---

[1] Defendant argues that, although the preliminary protective order has expired, there still remains a live controversy. The gravamen of Defendant's argument is that because the Alexandria General District Court lacked the authority to hold a final valid hearing on the protective order on March 20, 2023, as required by Virginia law, the preliminary protective order may arguably still be in effect. The Court is not persuaded. While Defendant is correct that the Alexandria General District Court lacked authority to take any action on the petition post removal, *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249-50 (4th Cir. 2013), the temporary protective order expired and thus has no legal effect.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt.4) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's petition (Dkt. 1-1) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and it is

FURTHER ORDERED that Defendant's Motion to Quash (Dkt. 4) is DENIED as MOOT.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 60 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiffs wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
February 26, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge